**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4064-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RONALD B. JOHNSON,

     Defendant-Appellant.

_____

> Argued March 6, 2019 – Decided April 2, 2019
>
> Before Judges Alvarez and Reisner.
>
> On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. 16-11-2568.
>
> Cody T. Mason, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Cody T. Mason, of counsel and on the brief).
>
> Melinda A. Harrigan, Assistant Prosecutor, argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; Melinda A. Harrigan, of counsel and on the brief).

PER CURIAM

Defendant Ronald B. Johnson appeals from his conviction for third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1), for which he was sentenced to two years probation conditioned on serving a six-month county jail term. Defendant's appeal focuses on the denial of his suppression motion. The trial judge's factual findings are supported by substantial credible evidence, State v. Rockford, 213 N.J. 424, 440 (2013), and based on those facts, the judge's legal conclusions are correct. Accordingly, we affirm.

We begin by summarizing the evidence presented at the suppression hearing. The police were patrolling Texas Avenue in Atlantic City after receiving complaints from neighbors and construction workers about vagrants and drug users entering vacant houses on the street. Construction workers, who were renovating a house on Texas Avenue, told the police they observed evidence that someone had been breaking into the house after the construction crew left for the day. The construction workers indicated that only the owner and the construction crew had permission to be on the premises and that their work hours were from the morning to the middle of the afternoon.

At about 7 p.m., the police checked the house, saw interior lights on and the front door ajar, and they entered the house to check on it. They closed the

2

front door and walked through the premises to be sure it was clear of intruders. They saw no evidence that anyone was living in the house. After the police finished checking the house, they turned off the lights.

As the police were heading for the front door intending to leave, a man later identified as defendant knocked twice and then entered the house. On seeing the police, defendant looked "startled" and tried to leave. According to the testifying officer, defendant "did not have any construction equipment with him [or] any construction clothing that would indicate that he was there to work . . . in the residence." Nor did he question why the police were in the house, as the police would expect if defendant were the owner. The police arrested defendant, searched him incident to the arrest, and found cocaine on his person.

At the suppression hearing, defendant's uncle gave testimony designed to establish that defendant had the right to enter the premises. However, the trial judge found the uncle's testimony incredible, noting that the uncle smelled strongly of alcohol during his testimony and the testimony itself was contradictory. The judge found the police witness credible and concluded that the police had probable cause to arrest defendant, and discovered the cocaine during a lawful search incident to the arrest.

On this appeal, defendant presents the following point of argument:

A-4064-17T4

THE MOTION TO SUPPRESS EVIDENCE SHOULD HAVE BEEN GRANTED BECAUSE THE OFFICERS LACKED PROBABLE CAUSE TO BELIEVE DEFENDANT WAS TRESPASSING.

We find no merit in that contention. Based on police testimony the trial court found credible, even before defendant entered the house, the police had enough information to support a reasonable belief that anyone who was not the owner or a construction worker, and who entered the house after hours, was probably a trespasser. When defendant entered the house, after hours, with no sign of being a construction worker, and tried to leave as soon as he saw the police, they had probable cause to believe that he was trespassing.

The cases defendant relies on are not on point. None of them involved a situation in which a defendant entered a building, much less entered a building under circumstances similar to this case. For example, in State v. Gibson, 218 N.J. 277 (2014), a police officer observed the defendant briefly leaning against the outside of a building, which was insufficient to support a well-grounded suspicion that he was trespassing. In State v. Dangerfield, 171 N.J. 446 (2002), the defendant was "sitting on a bicycle between two buildings," activity that could have been part of a legitimate visit to someone in the apartment complex. In In re J.M., 339 N.J. Super. 244 (App. Div. 2001), the defendant was sitting on a porch with two of the tenant's relatives. Contrary to defendant's argument

4

here, the cases do not hold that the police must always question a suspect before arresting him for trespassing.

In this case, the police essentially caught defendant in the act of trespassing. Defendant entered an unoccupied house that was undergoing renovation, at a time when the police had information that no one other than the owner or a construction worker had permission to enter. Since defendant knocked on the door twice, he was not likely to be the owner or a construction worker. He was not carrying any construction tools. He entered although no one had answered his knock. He looked startled and tried to leave as soon as he spotted the police. At that point, based on the totality of the circumstances, the police had an objectively reasonable, well-grounded suspicion that defendant had entered the structure while knowing that he had no right to enter, N.J.S.A. 2C:18-3(a), and hence they had probable cause to arrest him. Gibson, 218 N.J. at 292-93.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4064-17T4